IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-1254-SLR |
| | ) |
| WARDEN, and ATTORNEY | ) |
| GENERAL OF THE STATE | ) |
| OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

1. **Background**. Petitioner is an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware. The court denied his habeas application in a memorandum opinion and order dated December 10, 2015 (D.I. 22; D.I. 23), and the Third Circuit Court of Appeals denied his request for a certificate of appealability in an order dated May 2, 2016 (D.I. 30). In his "petition for writ of mandamus" filed pursuant to 28 U.S.C. § 1651, petitioner requests access to certain materials that he relinquished to prison officials on March 30, 2016 when he underwent surgery. (D.I. 31 at 2-4) He contends that he needs the materials to "appeal" the "order" handed down by the Third Circuit Court of Appeals. *Id.*

2. **Standard of Review**. Under the All Writs Act, a federal court has jurisdiction to issue a writ of mandamus only "in aid" of its jurisdiction. *See* 28 U.S.C. § 1651(a). As such, a federal court may issue a writ of mandamus only if there is an independent basis for subject matter jurisdiction. *See United States v. Christian*, 660 F.2d 892, 894 (3d Cir. 1981)("Before entertaining" a petition for a writ of mandamus, the court "must

identify a jurisdiction that the issuance of the writ might assist."). Federal courts have jurisdiction "in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff."[1] 28 U.S.C. § 1361.

3. **Discussion.** In his petition for a writ of mandamus, petitioner asserts that he has diligently sought to obtain the legal and non-legal materials he relinquished in order to "appeal" the Third Circuit's order denying his certificate of appealability, and that his requests have been denied. Petitioner does not allege any action or omission by a federal officer, employee, or agency that this court might have mandamus jurisdiction to address in the first instance. As recently explained by the Court of Appeals for the Third Circuit, "[s]tate courts are not 'lower courts' from this Court's perspective, and principles of comity and federalism ensure that a federal court ordinarily may not issue a writ of mandamus to compel a state court to exercise a jurisdiction entrusted to it." *In re Whiteford*, 2013 WL 979413, at *1 (3d Cir. Mar. 14, 2013)(internal citations omitted). Therefore, the court will dismiss the instant petition because it does not have jurisdiction to grant petitioner's request. *See In re Wolenski*, 324 F.2d 309 (3d Cir. 1963)(per curiam) (the District Court "had no jurisdiction" to "issue a writ of mandamus compelling action by a state official.").

---

[1] To be eligible for mandamus relief under 28 U.S.C. § 1361, a petitioner must satisfy three conditions: (1) he has "no other adequate means to attain the relief he desires;" (2) he demonstrates that "his right to the issuance of the writ is clear and indisputable;" and (3) the issuing court is satisfied that "the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010).

4. **Conclusion.** For the above reasons, the court will dismiss the instant petition for writ of mandamus for lack of jurisdiction. A separate order shall issue.

Dated: June 28, 2016

_____
UNITED STATES DISTRICT JUDGE