IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JAMES HARDWICK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civ. No. 12-1254-SLR |
| ) | |
| WARDEN, and ATTORNEY ) | |
| GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

1. **Background**. Petitioner is an inmate at the James T. Vaughn Correctional Center, Smyrna, Delaware. The court denied his habeas application in a memorandum opinion and order dated December 10, 2015 (D.I. 22; D.I. 23), and the Third Circuit Court of Appeals denied his request for a certificate of appealability in an order dated May 2, 2016 (D.I. 30). In a memorandum and order dated June 28, 2016 (D.I. 34; D.I. 35), the court denied petitioner's "petition for writ of mandamus" filed pursuant to 28 U.S.C. § 1651 (D.I. 31 at 2-4), requesting access to certain materials that he relinquished to prison officials on March 30, 2016 when he underwent surgery because he needed the materials to "appeal" the "order" handed down by the Third Circuit Court of Appeals. In July 2016, the Third Circuit Court of Appeals denied petitioner's "petition for writ of mandamus" which asked for the same relief. *See In re: James Hardwick*, C.A. 12-2467 (3d Cir. July 22, 2016). On July 30, 2016, petitioner filed in this court a document titled "reconsideration of mandamus request," which appears to seek reconsideration of this court's denial of his petition for writ of mandamus, the Third

Circuit's denial of his petition for writ of mandamus, and asserts an argument with respect to a separate civil rights action filed under 42 U.S.C. § 1983 (*Hardwick v. Pierce*, Civ. A. No. 15-326-SLR). (D.I. 36)

2. **Standard of Review.** A motion for reargument/reconsideration may be filed pursuant Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). A motion for reconsideration filed pursuant to Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Rule 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence by which due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

3. Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). A court may grant a Rule 60(b) motion only in extraordinary circumstances,[1] and a Rule 60(b) motion is not

---

[1] *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987).

appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

4. In contrast, Rule 59(e) is "a device [] used to allege legal error," *Fiorelli*, 337 F.3d at 288, and may only be used to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs, Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

5. **Discussion.** The court construes the instant motion for reconsideration as filed pursuant to Federal Rule of Civil Procedure Rule 60(b) rather than Rule 59(e), since the motion was filed outside the twenty-eight day time period required under Rule 59(e).[1] *Cf. Ranklin v. Heckler*, 761 F.2d 936, 942 (3d Cir. 1985)("Regardless of how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of judgment may be treated as a motion to amend or alter the judgment under Rule 59(e)."). To the extent the motion requests the court to reconsider the Third Circuit's denial of his mandamus petition, the court lacks jurisdiction to grant such relief. *Cf.* 28 U.S.C. § 1291 (stating that the "courts of appeals [] shall have jurisdiction of appeals from all final decisions of the district courts"). To the extent petitioner seeks some sort of relief with respect to his § 1983 action, the court notes that it addresses this request in petitioner's separate civil action pending before the court, *Hardwick v. Pierce*, Civ. No. 15-326-SLR. Finally, to the extent the instant motion asks the court to reconsider

---

[1] The court denied petitioner's petition for writ of mandamus on June 28, 2016. (D.I. 34; D.I. 35) His motion for reconsideration is dated July 30, 2016, which falls outside the twenty-eight day period provided for in Rule 59(e).

3

its denial of petitioner's mandamus petition in this case, the court denies the request because petitioner essentially re-asserts the same arguments already considered and rejected by the court.

6. **Conclusion.** For the above reasons, the court will deny petitioner's motion for reconsideration. A separate order shall issue.

Dated: August 10, 2016

_____
UNITED STATES DISTRICT JUDGE